IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MYLIE HARPER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CARBON COUNTY SCHOOL DISTRICT, et al.,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:13-cv-00847-RJS<br><br>Judge Robert J. Shelby |

　　　　In this case, a public-school student is suing her former school district and a number of school employees. Plaintiff Mylie Harper suffered an injury to her arm when a fellow student pushed her off a retaining wall. Ms. Harper contends that the school district and the individual defendants negligently failed to protect her from harm, negligently and intentionally inflicted emotional distress, and violated her rights under the Utah and federal constitutions and two federal statutes. Ms. Harper initially sued in the Seventh District Court in Carbon County, Utah. Defendants subsequently removed the action to this court based on federal-question jurisdiction.

　　　　For the reasons stated below, the court grants summary judgment in favor of Defendants on the federal claims and declines to exercise supplemental jurisdiction over the state claims.

## BACKGROUND

　　　　Ms. Harper was a student at Mont Harmon Middle School in Carbon County, Utah. One day at school, Donovan Quintana pushed her off a retaining wall for no particular reason. Ms. Harper landed on her right shoulder and neck. After the fall, Ms. Harper suffered what she described as severe pain and sought medical attention. Unfortunately, the pain in her arm and

1

shoulder did not improve after a few weeks and she struggled to attend class and complete her school work. About two months after the fall, another Mont Harmon student, CJ Pruitt, grabbed Ms. Harper from behind and shook her. This caused Ms. Harper to fall to the ground and suffer severe pain. That incident also happened on school grounds.

Ms. Harper continued to struggle with her classes due to her injury. She alleges that the school did not accommodate her health problems. She also alleges that at least three different Mont Harmon employees made degrading remarks to her about her injury, including calling her "a cripple" and stating that she appeared drunk. At one point, Ms. Harper's father wrote the school a note explaining his daughter's health struggles and expressing his dissatisfaction with the school's lack of support. Ms. Harper ultimately withdrew from Mont Harmon and enrolled in another school.

Eventually, Ms. Harper sued Defendants in Utah state court, bringing a number of claims: negligence (maintenance of a hazard, failure to protect a student, and maintenance of an attractive nuisance), negligent infliction of emotional distress, intentional infliction of emotional distress, violation of the federal Rehabilitation Act and the Americans with Disability Amendment Act of 2008, failure to protect from bullying, and violation of state and federal due-process rights. Defendants removed the action based on federal-question jurisdiction and now seek summary judgment on all claims.

## ANALYSIS

### I. Federal Constitutional Claims

Ms. Harper alleges that Defendants violated her due-process rights. She argues that because Utah law compelled her to attend school, the school had a duty to protect her due-

process rights.[1]  Defendants contend that they are shielded from liability under the doctrine of qualified immunity.  The court agrees with Defendants and articulates its reasoning below.

### A.  Qualified Immunity

Qualified immunity shields from liability "government officials performing discretionary functions . . . insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[2]  Qualified immunity turns on two elements: (1) whether the government official violated a constitutional right and (2) whether the right at issue was clearly established at the time of the government official's alleged conduct.[3]  When a state official raises a qualified-immunity defense, it raises a rebuttable presumption that she is immune and the burden shifts to the plaintiff to rebut the presumption.[4]

#### 1.  Constitutional Violation

The first element considers whether Defendants violated Ms. Harper's constitutional rights.  Ms. Harper alleges that the school violated her due-process rights by failing to protect her from injury.  The Supreme Court has held that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."[5]  There are two exceptions to this general rule.  First, when a state institutionalizes a person, the state has a "duty to assume some responsibility for his safety and general well-being."[6]  But the Tenth

---

[1] In her interrogatories, Ms. Harper attempts to assert an equal protection claim.  Because Ms. Harper has failed to properly plead the claim, the court does not consider it.
[2] *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).
[3] *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).
[4] *Crawford-El v. Britton*, 523 U.S. 574, 587 (1998); *Medina v. Cram*, 252 F.3d 1124, 1129 (10th Cir. 2001).
[5] *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989).
[6] *Id.* at 200.

Circuit has held that a public-school student does not fit under this exception, even when she is a victim of a foreseeable assault.[7] Thus, Ms. Harper's claim does not fall under the first exception.

Second, a state assumes a duty to protect its students when it creates a dangerous situation.[8] To fall under this exception, a plaintiff must show:

> (1) the charged state actors created the danger or increased the plaintiff's vulnerability to the danger in some way; (2) the plaintiff was a member of a limited and specifically definable group; (3) the defendants' conduct put the plaintiff at substantial risk of serious, immediate, and proximate harm; (4) the risk was obvious or known; (5) the defendants acted recklessly in conscious disregard of that risk; and (6) the conduct, when viewed in total, shocks the conscience.[9]

Ms. Harper contends that the school created a dangerous situation by maintaining the retaining wall even though school officials knew other students previously had fallen off it. Further, Ms. Harper contends that the school knew that rowdy teenage boys, like Mr. Quintana, were liable to push other students off the wall and cause injury. Even though the retaining wall posed a risk of injury, Ms. Harper's claim does not fall under the state-created-danger exception for at least two reasons.

First, to create a danger, a state must act affirmatively.[10] Here, the school did not place its students in a dangerous situation, but rather failed to remove a potentially dangerous retaining wall. Put simply, the school failed to act. And the case law instructs that inaction is not enough.[11] If it were, the federal due-process clause would open the door to a slew of Section

---

[7] *Graham v. Indep. Sch. Dist. No. I-89*, 22 F.3d 991, 994–95 (10th Cir. 1994); *Maldonado v. Josey*, 975 F.2d 727, 732 (10th Cir. 1992).
[8] *DeShaney*, 489 U.S. at 201.
[9] *Ruiz v. McDonnell*, 299 F.3d 1173, 1183 (10th Cir. 2002).
[10] *Gray v. Univ. of Colorado Hosp. Auth.*, 672 F.3d 909, 920 (10th Cir. 2012).
[11] *Id.* at 918 n.7; *Graham*, 22 F.3d at 995.

1983 lawsuits against school officials. Courts have cautioned against such federal overreach.[12] Second, the school did not direct any conduct at Ms. Harper. The Tenth Circuit has instructed that, to fall under the state-created-danger exception, the state's affirmative conduct must be directed at a discreet person and not the public at large.[13] In maintaining the retaining wall, the school did not aim its conduct at Ms. Harper. Rather, the entire student body was at risk of injury.

These two reasons alone lead to the conclusion that Ms. Harper's claims do not fall under an exception to the general rule that a state does not have a constitutional duty to protect individuals. Thus, Defendants did not violate Ms. Harper's federal due-process rights.

### 2. Clearly Established Right

As stated, Defendants did not violate a constitutional right, meaning the right was not clearly established. But even if the court concluded that Defendants did violate a right, qualified immunity still applies because the right is not clearly established. To show that a right is clearly established, a plaintiff must cite to "legal authority that makes it apparent that in the light of pre-existing law a reasonable official," in Defendants' position, would know they were violating Ms. Harper's constitutional rights.[14] Ms. Harper does not cite to any such authority.

In the end, the court finds that Ms. Harper has not rebutted the presumption that qualified immunity applies. The federal due-process claim is dismissed.

---

[12] *See Waybright v. Frederick Cnty.*, 528 F.3d 199, 208 (4th Cir. 2008); *Goss ex rel. Goss v. Alloway Twp. Sch.*, 790 F. Supp. 2d 221, 227 (D.N.J. 2011).
[13] *Gray*, 672 F.3d at 920–21.
[14] *Moore v. Guthrie*, 438 F.3d 1036, 1042 (10th Cir. 2006) (internal quotation marks omitted).

**II. Federal Statutory Claims**

Ms. Harper next contends that Defendants violated the Americans with Disabilities Amendment Act of 2008 (ADAA)[15] and Section 504 of the Rehabilitation Act of 1973.[16] Ms. Harper argues that Defendants failed to accommodate her disability or offer a specialized educational program to her in violation of the statutes.

Before a plaintiff can bring an education-related claim under the Rehabilitation Act or the ADAA, she must exhaust her administrative remedies under the Individuals with Disabilities Education Act (IDEA).[17] The IDEA requires states that accept federal special-education funding to provide disabled children with a "free appropriate public education."[18] Schools comply with the IDEA by providing an Individualized Education Plan to each enrolled disabled child. The IDEA provides an administrative process and remedies for parents who are dissatisfied with their children's Individualized Education Plan, or lack thereof.

Ms. Harper did not seek relief through the IDEA process. She contends that she is not bound by the exhaustion requirement because she did not know about it. But she does not cite to any binding authority stating that ignorance is an exception to the requirement. What's more, such an exception has not been recognized by the Supreme Court or the Tenth Circuit and has been rejected by other courts.[19] Further, Ms. Harper does not argue that her failure to exhaust administrative remedies is excused by any other valid exception. In view of this, the court dismisses Ms. Harper's claims under the Rehabilitation Act and the ADAA.

---

[15] PL 110–325, 122 Stat 3553.
[16] 29 U.S.C. § 794.
[17] 20 U.S.C. § 1415(*l*); *Ellenberg v. New Mexico Military Inst.*, 478 F.3d 1262, 1267 (10th Cir. 2007).
[18] 20 U.S.C. § 1400(d)(1)(A).
[19] *See Honig v. Doe*, 484 U.S. 305, 327 (1988); *Chavez ex rel. M.C. v. New Mexico Pub. Educ. Dep't*, 621 F.3d 1275, 1280 (10th Cir. 2010); *Papania-Jones v. Dupree*, 275 F. App'x 301, 303 (5th Cir. 2008); *Moore v. Chilton Cnty. Bd. of Educ.*, 936 F. Supp. 2d 1300, 1307 (M.D. Ala. 2013). *See also Castro v. Crawfoot*, 102 F. App'x 852, 854 (5th Cir. 2004); *Ashton v. United States*, 404 F.2d 95, 96 (8th Cir. 1968).

`` 

### III. Supplemental Jurisdiction

Under 28 USC § 1367(c), a federal court may decline to exercise supplement jurisdiction when it "has dismissed all claims over which it has original jurisdiction."[20] The Supreme Court has stated, "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."[21] Similarly, the Tenth Circuit has stated, "The district court's ruling, [in which it declined to review the state-law claims], comports with our general admonishment that district courts should dismiss state claims without prejudice after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial."[22] In light of this guidance, the court declines to exercise supplemental jurisdiction over the remaining state-law claims.

### CONCLUSION

For the reasons stated, the court GRANTS Defendants' Motion for Summary Judgment on the federal claims. The court DISMISSES WITH PREJUDICE the federal claims. The remaining state-law claims are remanded to the Seventh District Court for the State of Utah.

DATED this 24th day of April, 2015

BY THE COURT:

_____
Judge Robert J. Shelby

---

[20] 28 U.S.C. § 1367(c)(3).
[21] *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).
[22] *Board of County Commissioners of Sweetwater County v. Geringer*, 297 F.3d 1108 (10th Cir. 2002).